UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **KRISTY KENT,**<br><br>　　　　　　　　　　Plaintiff,<br>　-vs-<br><br>**FIRSTSOURCE ADVANTAGE, LLC,**<br><br>　　　　　　　　　　Defendant. | *Civil Action No.* _____ |

### COMPLAINT & DEMAND FOR JURY TRIAL

### INTRODUCTION

1. Plaintiff Kristy Kent brings this action for actual and statutory damages resulting from the Defendant's various violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA"), a law that prohibits debt collectors from using abusive, deceptive, and unfair practices in an attempt to collect a debt.

### JURISDICTION & VENUE

2. This honorable Court possesses jurisdiction over this matter pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. § 1331.

3. Additionally, venue in this district arises pursuant to 28 U.S.C. §1391(b) since the Defendant transacts business here and the conduct complained of occurred here.

### PARTIES

4. Plaintiff Kristy Kent is a natural person residing in the County of Erie, State of New York, and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant FirstSource Advantage, LLC, (hereinafter "FirstSource") is an active domestic limited liability company organized and existing under the laws of the State of New York and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Any and all acts of the Defendant hereinafter alleged were performed by Defendant's employees, while under the scope of the Defendant's actual or apparent authority.

7. Any and all references to "Defendant" herein shall include the Defendant and/or an employee of the Defendant.

1

**FACTUAL ALLEGATIONS**

8. That Plaintiff Kristy Kent allegedly incurred and later allegedly defaulted on a debt to HSBC.  Said alleged debt is disputed, but for the purposes of this Complaint will hereinafter simply be referred to as "the subject debt."

9. The subject debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5), as it allegedly arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes.

10. That upon information and belief, Defendant FirstSource was employed by HSBC following Plaintiff's alleged default, in order to collect payment on the subject debt.

11. That early morning on or about November 8, 2010, Defendant FirstSource called and briefly spoke with Plaintiff Kent.  During that short exchange, Defendant confirmed Plaintiff's identity and began to solicit payment of the debt.  Having been woken up by the telephone call, Plaintiff Kent stated that the time was inconvenient and hung up the telephone.

12. That shortly following the aforementioned exchange, and despite the fact that Defendant had already confirmed Plaintiff's proper telephone number, FirstSource called and spoke with Plaintiff Kent's grandfather, Carl Kent, by telephone.

13. That during the course of the aforementioned telephone conversation, Defendant voluntarily stated the name of their company and otherwise requested to speak with Plaintiff Kent regarding a debt.  At that time, Defendant was notified by Mr. Kent that Plaintiff did not reside with him and that he would not provide any further information regarding her whereabouts.  Defendant subsequently asked Mr. Kent to take down and deliver a message for his granddaughter which included both a telephone number for her to call Defendant and a "reference number" (presumably for her account with FirstSource).

14. That as a result of the telephone conversation above, Mr. Kent contacted his granddaughter to notify her of the Defendant's call and subsequent message regarding the subject debt, and to inquire into her financial well-being.

15. That despite Defendant FirstSource's purported basis for calling Mr. Kent, they already possessed Plaintiff's proper contact information and were aware of that fact.  Additionally, Defendant improperly disclosed information to Mr. Kent, including the Defendant's business name and the contention that Plaintiff owed a debt, despite the fact that Plaintiff's grandfather did not/does not have any legal obligations to pay the alleged account (and thus should not have been provided said information).

16. That on or about November 11, 2010, a male representative for Defendant FirstSource who identified himself only as "Mr. Foster," called and spoke with Plaintiff Kent by telephone. During the course of the telephone conversation that ensued, Defendant attempted to solicit payment for the subject debt.  At that time, Plaintiff Kent regretfully informed Defendant that she could not afford to make any payments as she was unemployed.  In response to Plaintiff's aforementioned representation, Defendant rudely told Plaintiff to "go get a job" proclaiming that "it's not that hard to do," especially during the upcoming "holiday season."
17. That as the aforementioned telephone conversation continued, Defendant FirstSource rudely lectured Plaintiff Kent, making various insulting statements, such as: "I really don't understand how you got yourself into this situation."
18. That Defendant FirstSource thereafter insisted to know how Plaintiff Kent managed to pay her other bills and could not afford to pay Defendant and repeatedly directed Plaintiff to go borrow money from her friends or relatives to pay the subject debt.  When Plaintiff Kent explained that she could not borrow money from friends or relatives and would otherwise be unable to pay until she obtained a job, Defendant declared that he would mark her account as a "refusal to pay."  When Plaintiff objected to Defendant's threat to mark her account in such a manner, Mr. Foster simply stated that it didn't matter as he "need[ed] something to tell the bank."
19. That at no time during the aforementioned telephone conversation did Defendant FirstSource provide Plaintiff Kent with the disclosures required by 15 U.S.C. §1692e(11).
20. That on or about November 12, 2010, a male representative for Defendant FirstSource, who identified himself as "Andrew," called Plaintiff Kent by telephone.  During the course of the ensuing telephone conversation, Defendant aggressively questioned Plaintiff Kent about her finances and declared that Plaintiff "should be embarrassed" because she was twenty (20) years old and "already in debt."  When Plaintiff stated that she believed the bulk of the alleged balance to be the result of late fees and interest, Defendant snippily replied, "Uh, yeah – that's how credit cards work."
21. That after several more unpleasant exchanges in which Defendant FirstSource demanded to know how Plaintiff Kent paid for her other bills and could not pay the subject debt, "Andrew" stated that he would just mark Plaintiff's account as "a refusal to pay" and ended the telephone call.

22. That as a result of Defendant's improper third party disclosures and otherwise abusive and/or harassing conduct, Plaintiff Kent became very upset, embarrassed, offended, angry and otherwise suffered from emotional distress.

### CAUSE OF ACTION

23. The aforementioned acts and omissions of the Defendant FirstSource have violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

24. Defendant violated 15 U.S.C. §1692b(1) and 15 U.S.C. §1692b(2) by failing to limit the subject of their communications with Plaintiff's grandfather, Carl Kent, to obtaining or confirming location information for Plaintiff Kent by voluntarily disclosing Defendant's business name, that Defendant was attempting to collect a debt from Plaintiff and by asking Plaintiff's grandfather to deliver a message to her (including a "reference number").

25. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(2) by using language the natural consequence of which was to abuse the hearer, by:

    a. Rudely telling Plaintiff Kent to "go get a job," and proclaiming that "it's not that hard to do," especially during the upcoming "holiday season."

    b. Rudely lecturing Plaintiff Kent and making various insulting statements, such as: "I really don't understand how you got yourself into this situation."

    c. Rudely insisting to know how Plaintiff managed to pay her other bills, but not Defendant.

    d. Repeatedly declaring that Defendant would be marking Plaintiff's account as a "refusal to pay."

    e. Simply stating that it didn't matter that Plaintiff objected to Defendant's characterization of her willingness to pay, as he "need[ed] something to tell the bank."

    f. Declaring that Plaintiff Kent "should be embarrassed" because she is twenty years old and "already in debt." And,

    g. Snippily responding to Plaintiff's comment regarding late fees and interest by saying, "Uh yeah - that's how credit cards work."

26. Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(10) and 15 U.S.C. §1692f by threatening to falsely report to the alleged creditor that Plaintiff Kent simply refused to pay the debt, when in fact she explained that she was unemployed and could not afford to make any payments, and by purportedly contacting Plaintiff's grandfather to speak to Plaintiff

4

Kent, despite the fact that Defendant had already confirmed Plaintiff's proper telephone number earlier that same day, albeit during a very brief conversation.

27. Because of the Defendant FirstSource's various aforementioned violations of the FDCPA, Plaintiff Kent became embarrassed, upset, angry, offended and otherwise suffered from emotional distress.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this honorable Court enter judgment against the Defendant for:

(a) Actual damages, pursuant to 15 U.S.C. §1692k(a)(1);

(b) Statutory damages, pursuant to 15 U.S.C. §1692k(a)(2)(A);

(c) Costs and disbursements of this action, together with reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3); *and*

(d) For any and all additional relief as this honorable Court may deem just and proper.

## JURY DEMAND

Please take notice that Plaintiff demands a trial by jury in this action.

Date: November 18, 2010

/s/Frank J. Borgese
Frank J. Borgese, Esq.
Graham Law, P.C.
*Attorneys for the Plaintiff*
1207 Delaware Ave., Suite 202
Buffalo, New York 14209
fborgese@grahamlawpc.com
716.200.1520